* The panel finds this case suitable for decision without oral argument.

**Alden E. SERINE, Plaintiff–Appellant,**

v.

**Oakley PETERSON, Cecil Quesseth, Arloe Quesseth, and State of Oregon Right of Way Department, Defendants–Appellees.**

**No. 93–35006.**

United States Court of Appeals, Ninth Circuit.

Submitted March 24, 1993.*

Decided March 31, 1993.

Alden E. Serine, Salem, OR, for plaintiff-appellant.

Michael E. Swain, Swain, Betterton & Eder, Salem, OR, for defendants-appellees Peterson, Quesseth, and Quesseth.

Denise G. Fjordbeck, Dept. of Justice, Salem, OR, for defendant-appellee State of Oregon Right of Way Dept.

Before J. WALLACE, Chief Judge, FARRIS and BRUNETTI, Circuit Judges.

### ORDER

Appellees move to dismiss this appeal from a magistrate judge's order for lack of appellate jurisdiction. We grant the motion.

On December 1, 1992, Magistrate Judge Thomas M. Coffin filed a document entitled "Findings and Recommendation and Order" in this case, indicating that the "defendants' motion to dismiss should be allowed and this action dismissed." On December 10, 1992, plaintiff filed his response to the magistrate judge's order with the district court. Without any further action by the magistrate judge or the district court, on December 30, plaintiff filed this notice of appeal. Then, on January 8, 1993, the district court adopted the magistrate judge's findings and recommendation and entered judgment for the defendants. Plaintiff did not file another notice of appeal after final judgment was entered.

Defendants now move to dismiss the appeal. They contend that a magistrate judge's recommendation of dismissal does not constitute a final, appealable order absent consent by the parties, and therefore that the notice of appeal was premature and ineffective. *See, e.g.,* 28 U.S.C. § 636(c)(1); *In re San Vicente Medical Partners Ltd.,* 865 F.2d 1128 (9th Cir.1989); *Alaniz v. California Processors, Inc.,* 690 F.2d 717 (9th Cir.1982).

In certain circumstances, this court has considered the prematurity of a notice of appeal to be cured by the subsequent entry of judgment. *See e.g., Anderson v. Allstate,* 630 F.2d 677 (9th Cir.1980); *Ruby v. Secretary of the Navy,* 365 F.2d 385 (9th Cir.1966); *Firchau v. Diamond National Corp.,* 345 F.2d 269 (9th Cir.1965). The Supreme Court recently examined this question in *FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.,* 498 U.S. 269, ——, 111 S.Ct. 648, 652, 112 L.Ed.2d 743 (1991).

*FirsTier* involved a grant of summary judgment from the bench which was not reduced to judgment until after the notice of appeal was filed. Federal Rule of Appellate Procedure 4(a)(2) states: "Except as provided in (a)(4) of this Rule 4, a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof." The Court noted that the Rule's intent is "to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment." *Id.* 498 U.S. at ——, 111 S.Ct. at 652. Based on this interpretation of Fed.R.App.P. 4(a)(2), the Court set certain parameters on the nonfinal decisions that can be rendered final by a post-appeal entry of judgment. Specifically, the Court found that:

Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment.

*Id.* 498 U.S. at ——, 111 S.Ct. at 653 (emphasis in original).

Here, there is no question that the magistrate judge's order was not a final judgment. *See, e.g.,* 28 U.S.C. § 636(c)(1); *In re San Vicente Medical Partners Ltd.,* 865 F.2d 1128 (9th Cir.1989); *Alaniz v. California Processors, Inc.,* 690 F.2d 717 (9th Cir.1982). Plaintiff himself betrayed his awareness of this fact by filing objections to the magistrate judge's order in the district court. Unlike the bench ruling at

issue in *FirsTier*, the magistrate judge's order could not be "appealable if immediately followed by the entry of judgment" because the order could not form the basis of a final judgment without subsequent intervention by the district court. *See* 28 U.S.C. § 636(c)(1); *In re San Vicente Medical Partners Ltd.*, 865 F.2d 1128 (9th Cir. 1989); *Alaniz v. California Processors, Inc.*, 690 F.2d 717 (9th Cir.1982). The notice of appeal was premature. The appeal is dismissed.