12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Edward EVANSON, Defendant-Appellant.
 No. 93-30116.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 30, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Edward Evanson appeals pro se the district court's denial of his motions for summary judgment and bail in his 28 U.S.C. Sec. 2255 motion to vacate his sentence.
 
 
 3
 "The denial of a motion for summary judgment 'is an interlocutory order from which no appeal is available until the entry of judgment following the trial on the merits.' " Hopkins v. City of Sierra Vista, Ariz., 931 F.2d 524, 529 (9th Cir.1991) (quotation marks omitted) (quoting Kraus v. County of Pierce, 793 F.2d 1105, 1107 (9th Cir.1986), cert. denied, 480 U.S. 932 (1987)). In certain circumstances, a premature notice of appeal from a nonfinal order may be cured where, as here, the district court subsequently enters final judgment. See Serine v. Peterson, 989 F.2d 371, 372 (9th Cir.1993); see also FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 274 (1991). This cure is available " 'to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment." Serine, 989 F.2d at 372 (quoting FirsTier, 498 U.S. at 276). Unfortunately for Serine, however, there is no question that the denial of his motion for summary judgment was not a final judgment. Accordingly, we decline to construe his appeal from the denial of his summary judgment motion as an appeal from the final adverse judgment in his section 2255 motion. See id. at 373.
 
 
 4
 The denial of bail pending resolution in the district court of the merits of a collateral attack on a conviction is an interlocutory order from which appeal is not available. Cf. Land v. Deeds, 878 F.2d 318, 318 (9th Cir.1989) (per curiam) (dismissing appeal of magistrate order denying bail pending decision on petition for writ of habeas corpus under 28 U.S.C. Sec. 2254). Where, as here, the appellant has filed an invalid appeal challenging denial of a bail request, we may "construe this appeal from a non-appealable order as a petition for a writ of mandamus." See id. In light of the district court's denial of Serhan's section 2255 motion, however, his request for bail pending resolution of the motion by the district court is moot and we will not address that issue now. See Murphy v. Hunt, 455 U.S. 478, 481-82 (1982) (claim to pre-trial bail moot after conviction).
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3