12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph P. SHELTON, Petitioner-Appellant,
v.
Wayne ESTELLE, Warden, Respondent-Appellee.
 No. 92-17061.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 15, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph P. Shelton, a California state prisoner, appeals the district court's order dismissing in part and staying in part his petition for a writ of habeas corpus. We conclude that Shelton's notice of appeal was premature, and we dismiss the appeal for lack of jurisdiction.
 
 
 3
 Title 28 U.S.C. Sec. 2253 provides that an appeal in a habeas corpus proceeding may only be taken from the "final order." 28 U.S.C. Sec. 2253 (emphasis added); see also Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 265 (1978); Van Pilon v. Reed, 799 F.2d 1332, 1335 (9th Cir.1986). "Title 28 U.S.C. Sec. 2253 establishes the issuance of a certificate of probable cause as a jurisdictional prerequisite to appellate review from 'the final order' in a federal habeas proceeding by a state prisoner." Lynch v. Blodgett, 999 F.2d 401, 403 (9th Cir.1993) (order); see also Van Pilon, 799 F.2d at 1335; Gardner v. Pogue, 558 F.2d 548, 549 (9th Cir.1977). "This language is consistent with the general rule that appeals lie from final judgments and orders, not from determinations of legal issues." Van Pilon, 799 F.2d at 1335.
 
 
 4
 Final orders are those that leave nothing to be done but the execution of the judgment. See Catlin v. United States, 324 U.S. 229, 233 (1945). In the context of habeas corpus proceedings, a final order disposes of all claims and either denies or grants habeas relief. See Blazak v. Ricketts, 971 F.2d 1408, 1410 (9th Cir.1992) (per curiam).
 
 
 5
 Federal Rule of Appellate Procedure Rule 4(a)(2) "permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment." FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 276 (1991); see also Serine v. Peterson, 989 F.2d 371, 372 (9th Cir.1993) (order).
 
 
 6
 On 8 November 1991, Shelton filed his petition for writ of habeas corpus collaterally attacking his murder, kidnapping, and theft convictions. Shelton alleged that: (1) statements he made to law enforcement personnel should have been suppressed because of the delay in his arraignment; and (2) the trial court failed to properly instruct the jury. On 13 November 1992, the district court found that Shelton's confession was voluntary; therefore, Shelton's first claim was denied. In the same order, the district court found that Shelton had procedurally defaulted his second claim. Instead of denying Shelton's second claim, the district court stayed the second claim and granted Shelton thirty days to show cause and prejudice for his procedural default.
 
 
 7
 On 1 December 1992, Shelton filed a notice of appeal and request for a certificate of probable cause. On 7 December 1992, noting that the appeal was premature, the district court denied Shelton's request for probable cause. On 13 December 1992, finding that Shelton had not responded to the order to show cause, the district court dismissed Shelton's second claim and denied his petition. Shelton has not filed a notice of appeal from the district court's 13 December 1992 order.
 
 
 8
 We conclude that the district court's 13 November 1992 order denying in part and staying in part Shelton's petition is not a final order. The order did not dispose of all of Shelton's claims. See Blazak, 971 F.2d at 1410. Moreover, the district court's 7 December 1992 order denying a certificate of probable cause and informing Shelton that his notice of appeal was premature demonstrates that there was more for the district court to do before the final judgment could be executed. See Catlin, 324 U.S. at 233. Therefore, his notice of appeal was premature.
 
 
 9
 The subsequent entry of judgment did not cure Shelton's premature notice of appeal. Because an appeal in a habeas proceeding may only be taken from the "final order" disposing of all the claims for relief, the 13 November 1992 order would not have been appealable even if immediately followed by the entry of judgment. See 28 U.S.C. Sec. 2253; Browder, 434 U.S. at 265; Van Pilon, 799 F.2d at 1335. Therefore, Shelton's notice of appeal cannot operate as notice of appeal from the final judgment. See FirsTier, 498 U.S. at 276; Serine, 989 F.2d at 372.
 
 
 10
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3