19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Salvadore MORENO, Petitioner-Appellant,
v.
Meg JEFFRIES; Attorney General of the State of Arizona,
Respondents-Appellees.
 No. 93-16851.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 9, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Jose Salvadore Moreno appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Moreno alleges that the trial court improperly excluded testimony regarding an earlier and unrelated investigation. We conclude that Moreno's notice of appeal was premature, and we dismiss the appeal for lack of jurisdiction.
 
 
 3
 Title 28 U.S.C. Sec. 2253 provides that an appeal in a habeas corpus proceeding may only be taken from the "final order." 28 U.S.C. Sec. 2253 (emphasis added); see also Browder v. Director, Ill. Dep't of Corrections, 434 U.S. 257, 265 (1978); Van Pilon v. Reed, 799 F.2d 1332, 1335 (9th Cir.1986). "Title 28 U.S.C. Sec. 2253 establishes the issuance of a certificate of probable cause as a jurisdictional prerequisite to appellate review from 'the final order' in a federal habeas proceeding by a state prisoner." Lynch v. Blodgett, 999 F.2d 401, 403 (9th Cir.1993) (order); see also Van Pilon, 799 F.2d at 1335; Gardner v. Pogue, 558 F.2d 548, 549 (9th Cir.1977). "This language is consistent with the general rule that appeals lie from final judgments and orders, not from determinations of legal issues." Van Pilon, 799 F.2d at 1335.
 
 
 4
 Final orders are those that leave nothing to be done but the execution of the judgment. See Catlin v. United States, 324 U.S. 229, 233 (1945). In the context of habeas corpus proceedings, a final order disposes of all claims and either denies or grants habeas relief. See Blazak v. Ricketts, 971 F.2d 1408, 1410 (9th Cir.1992) (per curiam).
 
 
 5
 Federal Rule of Appellate Procedure Rule 4(a)(2) "permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment." FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 276 (1991); see also Serine v. Peterson, 989 F.2d 371, 372 (9th Cir.1993) (order).
 
 
 6
 On 31 August 1993, Magistrate Judge Mignella filed a document entitled "Report and Recommendation" in this case, indicating that Moreno's section 2254 petition should be dismissed for failing to allege a federal constitutional claim cognizable under 28 U.S.C. Sec. 2254. On 3 September 1993, the district court filed an order indicating that the case was ready for consideration and withdrawing the reference to the magistrate judge. Moreno filed his notice of appeal on 16 September 1993. Then, on 17 September 1993, the district court adopted the magistrate judge's report and recommendation and entered judgment dismissing Moreno's habeas petition. Moreno did not file another notice of appeal after final judgment was entered.
 
 
 7
 We conclude that the district court's 3 September 1993, order withdrawing the reference to the magistrate judge is not a final order. The order did not dispose of Moreno's claims. See Blazak, 971 F.2d at 1410. Moreover, the subsequent entry of judgment did not cure Moreno's premature notice of appeal. Because an appeal in a habeas proceeding may only be taken from the "final order" disposing of all the claims for relief, the 3 September 1993, order would not have been appealable even if immediately followed by the entry of judgment. See 28 U.S.C. Sec. 2253; Browder, 434 U.S. at 265; Van Pilon, 799 F.2d at 1335. Therefore, Moreno's notice of appeal cannot operate as notice of appeal from the final judgment. See FirsTier, 498 U.S. at 276; Serine, 989 F.2d at 372.
 
 
 8
 Accordingly, Moreno's appeal was premature and is dismissed for lack of jurisdiction.
 
 
 9
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3