42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael TRAVAGLIA, Plaintiff-Appellant,
v.
Robert J. JOHNSTON; Otis R. Bowen; Roger D. Foley,
Defendants-Appellees.
 No. 94-15706.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael A. Travaglia appeals pro se the district court's dismissal of his civil rights action for failure to state a claim against (1) United States District Judge Roger D. Foley, United States Magistrate Judge Robert J. Johnston and Administrative Law Judge David H. Allard ("judges"); (2) former United States Attorney William A. Maddox and Assistant United States Attorney Carlos Gonzales; (3) attorneys Patricia L. Brown and Vaughn Gourley; and (4) Otis Bowen, former Secretary of the Department of Health and Human Services ("HHS"). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 As a preliminary matter, we note that we are not deprived of jurisdiction over this appeal because Travaglia's premature notice of appeal from the district court's oral ruling was cured by the subsequent entry of judgment. See FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 274-76 (1991) (entry of judgment cures premature appeal if taken from order reasonably believed to be final); Serine v. Peterson, 989 F.2d 371, 372-73 (9th Cir.1993).
 
 
 4
 A Rule 12(b)(6) dismissal for failure to state a claim upon which relief may be granted is reviewed de novo. Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 113 S.Ct. 599, 600 (1992). Review is limited to the complaint's contents, taking the allegations of material facts as true and construing them in the light most favorable to the non-moving party. Id.
 
 
 5
 Travaglia's complaint, alleging that defendants conspired during a prior federal court proceeding to deprive Travaglia of social security benefits, was brought under 42 U.S.C. Sec. 1982; 18 U.S.C. Sec. 241; 28 U.S.C. Secs. 1331, 1343; and Article Six and Amendments Five and Fourteen of the United States Constitution. We construe pro se civil rights complaints liberally. Id. Nevertheless, a pro se litigant must supply the essential elements of the claim. Id. Vague and conclusory allegations will not withstand a motion to dismiss. Id.
 
 
 6
 Travaglia first contends the district court erred by dismissing his claims against the judges. This contention lacks merit.
 
 
 7
 We liberally construe Travaglia's allegations that federal officials violated his civil rights as a Bivens action. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971) (a person injured by a federal officer's violation of the Constitution may seek redress in federal court).
 
 
 8
 Judges are absolutely immune for all judicial acts performed within their subject matter jurisdiction when the plaintiff is seeking damages for a civil rights violation. Stump v. Sparkman, 435 U.S. 349, 356 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). An act is a "judicial" one when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. Sparkman, 435 U.S. at 362; Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir.1990).
 
 
 9
 Our review of the record indicates that Travaglia's claims against the judges involve actions which were judicial in nature and within each judge's jurisdiction, entitling them to absolute immunity from damage claims. See Crooks, 913 F.2d at 700. While judicial immunity does not extend to actions for prospective injunctive relief, Ashelman, 793 F.2d at 1075, we note that the injunctive relief Travaglia sought is not available since the prior federal judgment against him is final. See id. ; see also Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988).
 
 
 10
 Second, Travaglia contends the district court erred by dismissing his claims against Maddox and Gonzales, who represented the United States in Travaglia's prior action. This contention lacks merit.
 
 
 11
 Attorneys representing the government in civil litigation are entitled to absolute immunity for their official conduct during the adjudication of the case against the government. Fry v. Melaragno, 939 F.2d 832, 838 (9th Cir.1991). Here, while Maddox and Gonzales defended HHS, their conduct was "intimately associated with the judicial phases" of the litigation brought by Travaglia, entitling the government attorneys to absolute immunity. See id.
 
 
 12
 Third, Travaglia contends the district court erred by dismissing his complaint against Brown and Gourley, two attorneys who had appeared on his behalf in the prior federal proceeding. This contention lacks merit.
 
 
 13
 The criminal provision in 18 U.S.C. Sec. 241 provides no basis for civil liability. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980). Moreover, in order to survive a motion to dismiss an action for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff alleging a conspiracy must allege specific facts to support the existence of the alleged conspiracy. Buckey, 968 F.2d at 794. Our review of the complaint indicates that Travaglia failed to allege any facts which would demonstrate that his attorneys conspired with the judges or any other defendant to deny Travaglia social security benefits. Travaglia's wholly conclusory allegations of conspiracy will not withstand a rule 12(b)(6) motion. See id.
 
 
 14
 Additionally, Rule 9(b) requires a plaintiff alleging fraud to plead the facts of the alleged fraud with particularity. Fed.R.Civ.P. 9(b); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir.1989). The complaint must describe the alleged fraud in enough detail that a defendant can prepare a sufficient answer. Moore, 885 F.2d at 540. "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." Id.
 
 
 15
 Our review of Travaglia's complaint indicates he failed to allege with specificity any facts which would support his allegation that the defendants perpetrated fraud upon him by intentionally depriving him of benefits. See id. Because Travaglia alleges nothing to support this allegation, the district court properly dismissed it. See Buckey, 968 F.2d at 794.
 
 
 16
 Fourth, Travaglia contends the district court erred by dismissing his complaint for failure to state a claim against Otis Bowen, former Secretary of HHS. Because Travaglia failed to allege any facts supporting his claims of fraud and conspiracy against Bowen, this contention lacks merit. See id.
 
 
 17
 Finally, we have reviewed Travaglia's remaining claims of error by the district court and find them without merit. The district court did not err by conducting a telephone hearing on defendants' motions to dismiss, nor is Travaglia entitled to a default judgment against defendants because a motion to dismiss may replace the filing of an answer. See Fed.R.Civ.P. 12(a), (b).
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3