60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Richard S. MORDA, Plaintiff-Appellant,
v.
Melodie Z. SCOTT, et al., Defendants-Appellees.
 No. 93-56243.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard S. Morda appeals pro se the district court's dismissal of his action for failure to state claim and on res judicata grounds. Morda asserts violations under the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. Sec.1961-1968, civil rights violations under 42 U.S.C. Secs. 1983, 1985(3), 1986, and supplemental state claims. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291,[1] and we affirm.
 
 A. RICO
 
 3
 Morda contends that defendants engaged in a pattern of racketeering activity when they assumed conservatorship of his mother's estate and mishandled the estate's assets. Morda brought this action in federal court after a state court removed Morda as the trustee of the estate, and upheld the validity of defendant Scott as the estate's trustee.
 
 
 4
 We affirm the district court's dismissal of Morda's RICO claim on several grounds. First, Morda's complaint fails to state a claim under RICO because it fails to allege that defendants conducted an "enterprise" that was separate and apart from the alleged pattern of racketeering activity. See United States v. Turkette, 452 U.S. 576, 583 (1981); United Energy Owners Comm., Inc. v. United Energy Mgmt. Sys., 837 F.2d 356, 361-62 (9th Cir. 1988).
 
 
 5
 Second, the complaint fails to sufficiently allege that defendants engaged in racketeering acts as defined by section 1961(1). See Rothman v. Vedder Park Mgmt., 912 F.2d 315, 316-17 (9th Cir. 1990) (RICO claim dismissed for failure to sufficiently allege predicate acts of mail and wire fraud); Alan Neuman Productions Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988), (RICO claim fails because mail/wire fraud allegations "entirely general"), cert. denied, 493 U.S. 858 (1989).
 
 
 6
 Third, it appears that Morda is seeking to invoke federal jurisdiction under RICO to relitigate a state law matter. Morda previously had appeared in state court where he was represented by counsel, and had presented evidence as to Scott's alleged misuse of the trust's assets. Accordingly, his claims as to the propriety of Scott's position as conservator and trustee of the estate are barred by collateral estoppel. See Los Angles Branch NAACP v. Los Angeles Unified School Dist., 750 F.2d 731, 736 (9th Cir. 1984) (en banc) (state law determines preclusive effect of prior state court judgment involving either claim or issue preclusion in subsequent federal proceeding), cert. denied, 474 U.S. 919 (1985); Branson v. Sun-Diamond Growers, 24 Cal. App. 4th 327, 346 (1994) (collateral estoppel precludes a party from litigating identical issues that were necessarily decided on the merits in a former proceeding).
 
 
 7
 Finally, we note that "RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." Oscar v. University Students Co-op Ass'n, 965 F.2d 783, 786 (9th Cir.), cert. denied, 113 S. Ct. 655 (1992). Given the circumstances of this action, the district court correctly dismissed the RICO claim for failure to state a claim. See id.
 
 
 8
 B. Civil Rights Violations pursuant to 42 U.S.C. Secs. 1983, 1985 & 1986
 
 
 9
 We conclude for several reasons that the district court correctly dismissed Morda's civil rights claims. First, Morda's conclusory allegations that the private defendants Scott and Horspool conspired with county officials to assume conservatorship of the estate are insufficient to satisfy the tests for determining whether a private individual has acted under color of state law. See Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.) (claim of conspiracy under section 1983 must be supported by specific facts showing existence of conspiracy), cert. denied, 113 S. Ct. 599 & 113 S. Ct. 600 (1992).
 
 
 10
 Second, to the extent Morda's action is based on actions taken solely by the defendant county officials, the action is barred by the statute of limitations. The statute of limitations for section 1983 actions brought in California is one year. See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 688 (9th Cir. 1993), cert. denied, 114 S. Ct. 924 (1994); Cal. Civ. Proc. Code Sec. 340(3). When a section 1983 action is based on a claim of conspiracy, the limitations period begins to run from the date of the last overt act. See Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987). Here, it appears that the last overt act alleged to have been taken by the defendant city officials occurred in 1988. Because Morda filed his complaint more than one year later, on June 29, 1992, the district court did not err by dismissing this portion of his action as untimely.
 
 
 11
 Third, to the extent that Morda contends that his due process rights were violated during his state court proceedings, we lack jurisdiction to review the matter. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986).
 
 
 12
 Finally, Morda's claim under section 1985(3) fails because the complaint fails to allege that he is a member of a protected class. See Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1538 (9th Cir. 1992). Given our determination that Morda's section 1985(3) claim was properly dismissed, dismissal of the section 1986 claim also was proper. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) (holding that a section 1986 claim is dependent on a valid 1985(3) claim).[2]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Defendants contend that we lack jurisdiction over this appeal because Morda's notice of appeal was filed one day late. The district court record, however, indicates that rather than being late, the notice of appeal was premature. We nevertheless have jurisdiction over this action because the premature notice of appeal was cured by the subsequent entry of judgment. See FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 274-76 (1991) (entry of judgment cures premature appeal if taken from order reasonably believed to be final); Serine v. Peterson, 989 F.2d 371, 372-73 (9th Cir. 1993). Accordingly, we deny appellants' motions to dismiss this appeal for lack of jurisdiction
 
 
 [2]
 Although generally, a pro se plaintiff should be given an opportunity to amend his complaint prior to dismissal, the district court did not err by dismissing the complaint without leave to amend in this instance because amendment would have been futile. See Karim-Panahi, 839 F.2d at 623. Additionally, becuase that Morda's federal claims were properly dismissed, we find no abuse of discretion in the district court's dismissal of Morda's supplemental state claims. See Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) (per curiam)