97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eduardo ECHEVARRIA, Plaintiff-Appellant,
v.
James GOMEZ, Director; Ash, Sgt., in Folsom Prison;
Walker, Lieutenant; Department of Corrections; Adams,
Officer, New Folsom State Prison; Gunther, Officer, New
Folsom State Prison, Defendants-Appellees.
 No. 95-15232.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1996.*
Decided Sept. 23, 1996.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 At issue in this appeal is the district court's refusal to grant three temporary restraining orders (TRO) and a preliminary injunction (PI) requested by plaintiff-appellant Eduardo Echevarria. We hold that only one of these orders is properly within the scope of this appeal, and that the appeal is premature and must be dismissed.
 
 I.
 FACTUAL & PROCEDURAL BACKGROUND
 
 3
 Echevarria, a California state prisoner, filed a 42 U.S.C. § 1983 civil rights action against several prison officials (James Gomez, M. Brunelle-Ashe, James Walker, M. Gunther, and S. Adams) on July 13, 1992. He alleged that the officials acted with deliberate indifference in failing to prevent, investigate, and prosecute an assault on Echevarria by a fellow inmate.
 
 
 4
 On February 8, 1994, Echevarria filed a motion for a TRO requesting a transfer to a federal prison to avoid retaliation by the defendants for his filing of the complaint. The magistrate recommended a denial of the motion on August 1, 1994, and the district court adopted this recommendation on September 14, 1994 (Order # 1).
 
 
 5
 On June 7, 1994, Echevarria filed a second motion for a TRO, this time requesting that the defendants be compelled to change his library days to Friday and Saturday. The magistrate recommended denial on July 15, 1994, and the court adopted the recommendation on September 14, 1994 (Order # 2).
 
 
 6
 On June 21, 1994, Echevarria filed a motion for a PI enjoining prison officials from locking up all Mexican inmates when one Mexican inmate is involved in an incident, and requiring that officials lock up only those inmates involved in the incident. The magistrate recommended denial of the PI on November 30, 1994, and the court adopted the recommendation on February 3, 1995 (Order # 4).
 
 
 7
 On August 30, 1994, Echevarria filed a motion for a TRO enjoining defendants from transferring him to any prison other than a federal prison. The magistrate recommended denial on November 2, 1994, and the court adopted the recommendation on January 4, 1995 (Order # 3).
 
 
 8
 On January 24, 1995, Echevarria filed a notice of appeal from the order of January 4, 1995 (Order # 3). On March 3, 1995, this court issued an order directing Echevarria to show cause why this appeal should not be dismissed for lack of jurisdiction. On April 18, 1995, the Appellate Commissioner issued an order finding that the premature appeal from the denial of the TRO was cured by the subsequent entry of Order # 4 denying the PI. Finally, in response to a motion by appellees requesting clarification of which orders are the subject of this appeal, the Appellate Commissioner issued an order on July 28, 1995, stating that the scope of the appeal included both Orders # 3 and # 4.
 
 
 9
 Echevarria's appellate brief, however, indicates that he believes he has appealed all four orders. We therefore consider the proper scope of this appeal before turning to the question of our jurisdiction.
 
 II.
 DISCUSSION
 
 10
 A. Appeals Regarding Orders # 1, # 2, and # 4
 
 
 11
 1. Orders # 1 and # 2.
 
 
 12
 A notice of appeal must be filed within 30 days after the date of entry of the judgment or order appealed from. Fed.R.Civ.P. 4(a). Echevarria's notice of appeal, filed on January 24, 1995, is untimely as to Orders # 1 and # 2, both filed on September 14, 1994. Echevarria's status as a pro se petitioner does not exempt him from the requirements of Rule 4(a). Malone v. Avenenti, 850 F.2d 569, 573 (9th Cir.1988). Therefore, those orders are outside the scope of this appeal.
 
 
 13
 2. Order # 4.
 
 
 14
 Echevarria filed a notice of appeal from Order # 3 on January 24, 1995, after the magistrate filed findings and recommendations concerning his motion for a PI on November 30, 1995, but before the judge adopted the recommendation in Order # 4 on February 3, 1995. Even were this appeal applicable to Order # 4, this court has held that such a notice of appeal, sandwiched between the magistrate's recommendation and the district court's order, is premature and therefore fails to confer jurisdiction upon this court. Serine v. Peterson, 989 F.2d 371, 372 (9th Cir.1993) (order).
 
 
 15
 Although a premature appeal can be cured by the subsequent entry of a final judgment, there has been no proper final judgment here. Cf. FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 276 (notice of appeal filed from certain nonfinal decisions may relate forward to serve as effective notice from subsequently entered final judgment); Serine, 989 F.2d at 372 ("In certain circumstances, this court has considered the prematurity of a notice of appeal to be cured by the subsequent entry of judgment."). Order # 4, which denied Echevarria's request for a PI enjoining lockups of all Mexican inmates, is entirely unrelated to Order # 3, which denied his request for a TRO enjoining his transfer to a non-federal prison. Order # 4 cannot effectively be appealed by the notice of appeal from Order # 3. The FirsTier rule is not applicable.
 
 B. Jurisdiction to Consider Order # 3
 
 16
 Because only Order # 3, denying Echevarria's request for a TRO preventing his transfer to a non-federal prison, is within the scope of this appeal, we now consider whether we have jurisdiction to review this order.
 
 
 17
 Appeal from the denial of a TRO is ordinarily considered premature and is disallowed, unless the circumstances render the denial "tantamount to the denial of a preliminary injunction." Environmental Defense Fund, Inc. v. Andrus, 625 F.2d 861, 862 (9th Cir.1980) (order). Such circumstances exist where, for example, a full adversary hearing has been held, or "in the absence of review, the appellants would be effectively foreclosed from pursuing further interlocutory relief." Id.; Religious Technology Ctr. v. Scott, 869 F.2d 1306, 1308 (9th Cir.1989).
 
 
 18
 Here, the magistrate recommended denial of the TRO because Echevarria failed to make a significant showing of irreparable injury, in that he failed to show any likelihood of his being transferred to another prison. Echevarria is not precluded from seeking further interlocutory relief should circumstances develop that enable him to make such a showing.
 
 
 19
 The appeal from Order # 3 is premature, and is therefore dismissed.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3