**Christopher Paul DEMOREST,
Petitioner—Appellant,**

v.

**Stuart J. RYAN,\* Warden,
Respondent—
Appellee.**

**No. 04–55230.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Dec. 5, 2005.

Terri A. Law, Esq., Sherman Oaks, CA, for Petitioner—Appellant.

Christopher Paul Demorest, Tehachapi, CA, Xiomara Costello, AGCA–Office of the California Attorney General (La), Los Angeles, CA, for Respondent–Appellee.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c), Stuart J. Ryan is substituted as respondent-appellee in place of his predecessor in office, Silvia Garcia.

\*\* The Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation.

Before: FERNANDEZ and BERZON, Circuit Judges, and PANNER,\*\* Senior Judge.

MEMORANDUM \*\*\*

Christopher Demorest appeals from the district court's denial of his habeas corpus petition under 28 U.S.C. § 2254. Demorest filed his notice of appeal after the magistrate judge filed his report and recommendation but before the district judge filed his order adopting the magistrate judge's report and recommendation and denying Demorest's petition.

Although neither party raised the question of whether we have jurisdiction over this appeal, we must address it sua sponte. *See Hostler v. Groves,* 912 F.2d 1158, 1160 (9th Cir.1990).

Demorest's notice of appeal, filed on December 19, 2003, stated that he "hereby appeals to the U.S. Court of Appeal for the Ninth Circuit the district court's order of December 1, 2003, in which the court entered judgment against petitioner, dismissing his habeas petition with prejudice." The notice of appeal indicates that Demorest was actually appealing the magistrate judge's report and recommendation, the only document filed on December 1, 2003. That report and recommendation was not a final decision. We therefore lack jurisdiction under 28 U.S.C. § 1291. *See Nasca v. Peoplesoft (In re Nasca),* 160 F.3d

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

578, 579 (9th Cir.1998); *Alaniz v. Cal. Processors, Inc.,* 690 F.2d 717 (9th Cir. 1982).

Under this court's precedents, Federal Rule of Appellate Procedure 4(a)(2) does not apply to notices of appeal from a magistrate judges's report and recommendation. *See Serine v. Peterson,* 989 F.2d 371 (9th Cir.1993).[1] Nothing in *Eberhart v. United States,* — U.S. ——, 126 S.Ct. 403, 163 L.Ed.2d 14 (Oct. 31, 2005), calls into question our ruling in *Serine* regarding the reach of Rule 4(a)(2) or the holdings of cases such as *Nasca* and *Alaniz* regarding the jurisdictional nature of the requirement that appeals may be filed only from final judgments or orders. A notice of appeal filed with respect to a magistrate judge's report and recommendation therefore remains an appeal from a nonfinal order, and does not confer appellate jurisdiction in this court.

We hold that this court lacks jurisdiction over Demorest's appeal.

DISMISSED.

---

1. We have held that when a notice of appeal is premature and the prematurity is not cured by Rule 4(a)(2), we lack jurisdiction over the appeal. *See Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1479, 1482–83 (9th Cir.1996) (dismissing an appeal for lack of jurisdiction because notice of appeal was premature and its prematurity was not cured by Rule 4(a)(2), without stating that the appellees objected to the timeliness); *Kendall v. Homestead Dev.*

*Co. (In re Jack Raley Const., Inc.),* 17 F.3d 291, 294–95 (9th Cir.1994) (same).

