

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2007

# Schaeffer v. Wilson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1458

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Schaeffer v. Wilson" (2007). *2007 Decisions.* Paper 728.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/728

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-272                                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1458
_____

STONEY L. SCHAEFFER,
Appellant

v.

HARRY E. WILSON, Facility Superintendent; TIMOTHY CROSS, State Police
Supervisor; and NANCY D. VERNON, District Attorney

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 06-cv-00189)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted For Possible Dismissal due to a Jurisdictional Defect and Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B)
June 21, 2007

Before:  MCKEE, FUENTES AND VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed  July 18, 2007)
_____

OPINION
_____

PER CURIAM

Stoney Schaeffer, a state prisoner proceeding <u>pro</u> <u>se</u>, appeals an order of the

United States District Court for the Western District of Pennsylvania dismissing his

complaint against Harry Wilson, a prison superintendent, Timothy Cross, a state police supervisor, and Nancy Vernon, a district attorney, pursuant to 28 U.S.C. § 1915(e)(2)(B). We will dismiss Schaeffer's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

We must first address our jurisdiction to entertain this appeal. We have jurisdiction of appeals from all final decisions of the district courts. 28 U.S.C. § 1291. Schaeffer filed his notice of appeal after a Magistrate Judge recommended that the District Court dismiss his complaint. The Magistrate Judge's report, however, is not a final, appealable order under § 1291. See Siers v. Morrash, 700 F.2d 113, 115 (3d Cir. 1983). The District Court then entered a final order adopting the Magistrate Judge's report. But Schaeffer's appeal from the Magistrate Judge's report did not ripen upon entry of the final order. Perez-Priego v. Alachua County Clerk of Court, 148 F.3d 1272, 1273 (11th Cir. 1998); Serine v. Peterson, 989 F.2d 371, 372-73 (9th Cir. 1993).

Although Schaeffer did not file another notice of appeal after the District Court entered its final order, he did file an application to proceed in forma pauperis on appeal in this Court within thirty days of the District Court's order. Because Schaeffer timely demonstrated an intent to appeal, we conclude that we have jurisdiction. See Smith v. Barry, 502 U.S. 244, 247-49 (1992) (holding an appellate brief may serve as a notice of appeal); Fleming v. Evans, 481 F.3d 1249, 1253-54 (10th Cir. 2007) (holding court had jurisdiction where the appellant filed a motion for leave to proceed on appeal without prepayment of costs or fees, which evidenced an intent to appeal).

2

On the merits, Schaeffer alleged in his complaint that a correctional officer purposefully opened cell doors to enable three inmates to assault him, and did not respond when he sought help via an emergency intercom. He further averred that two other correctional officers paid the inmates to harm him and gave an order to open the cell doors. Schaeffer claimed that Wilson, the prison superintendent, refused to handle this incident legally with the courts; that Cross, the state police supervisor, refused to investigate and prosecute his assailants and answer his letters; and that Vernon, the district attorney, visited him after he wrote her, but then refused to investigate further and prosecute his assailants.

Schaeffer's complaint fails to state a claim upon which relief may be granted. Absolute immunity attaches to a prosecutor's actions performed in a "quasi-judicial" role. Giuffre v. Bissell, 31 F.3d 1241, 1251-52 (3d Cir. 1994) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). The decision to initiate a prosecution is at the core of a prosecutor's judicial role. Id. It follows that Vernon is absolutely immune from liability arising from her decision not to prosecute the inmates and officers. And we have found no authority creating a mandatory duty upon Wilson or Cross to investigate and pursue the prosecution of the inmates and officers. See Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375, 382 (2d Cir. 1973) (holding inmates failed to state a claim

3

against state officials for failing to investigate or prosecute civil rights violations).[1]

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1]The Magistrate Judge also considered whether Schaeffer stated an Eighth Amendment claim based upon a failure by Wilson, Cross, and Vernon to protect him from the assault. We do not read the complaint as making such a claim. Schaeffer's complaint concerns the lack of response to the assault. Schaeffer mentioned a failure to protect him only in response to a question in the form complaint asking the result of his report of the assault to prison authorities. See Complaint at 6, 9.