**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| RASHAD BABBS, | No. 11-35637 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-05807-BHS |
| v. | |
| SCOTT FRAKES, | MEMORANDUM<sup>*</sup> |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted August 28, 2012
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and FRIEDMAN, Senior
District Judge.<sup>**</sup>

Rashad Babbs appeals from the district court's denial of his habeas corpus

petition under 28 U.S.C. § 2254. Because Babbs's notice of appeal was untimely

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Paul L. Friedman, Senior District Judge for the U.S.
District Court for the District of Columbia, sitting by designation.

filed, this court lacks jurisdiction over his appeal.

Babbs filed a notice of appeal after the magistrate judge issued a report and recommendation that recommended denying his habeas petition. The district court clerk received Babbs's notice of appeal on July 26, 2011, and docketed it the following morning on July 27, 2011. In the late afternoon on July 27, the district judge issued an order adopting the magistrate judge's report and recommendation, denying Babbs's habeas petition, and dismissing the action. This order was promptly followed by the entry of judgment. Babbs never filed a second notice of appeal.

Under this court's precedent, a notice of appeal filed after the issuance of a magistrate judge's report and recommendation but before the district court has acted on that report and recommendation is without effect, and its untimeliness cannot be cured by Federal Rule of Appellate Procedure 4(a)(2). *Serine v. Peterson*, 989 F.2d 371, 372 (9th Cir. 1993). Although Babbs's notice of appeal was docketed on the same day as the district court's order, it preceded that order by several hours. Notices of appeal must be filed "after" entry of the judgment or order appealed from. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).

This result is not affected by subsequent modifications that were made to the docket entry for Babbs's notice of appeal. The docket entry originally indicated

that Babbs was appealing from the magistrate judge's report and recommendation. On July 28, 2011, the day after the district judge issued his order dismissing Babbs's habeas petition, the district court clerk modified the docket entry for the notice of appeal, ostensibly to indicate that the appeal also was being taken from the district judge's order. Babbs argues that the clerk's action "effectively re-docketed" the notice of appeal. A clerk's addition of descriptive text to a docket entry, however, does not have controlling effect over the jurisdictional matter of when a notice of appeal was filed. Although courts should "construe any ambiguity in favor of saving the appeal," *United States v. Depew*, 210 F.3d 1061, 1065 (9th Cir. 2000) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 502 (9th Cir. 1986)), there is no ambiguity about when the order, judgment, and notice of appeal were filed in this case.

Nor does *Smith v. Barry*, 502 U.S. 244 (1992), call for a different result. That decision addresses the *content* required of notices of appeal under Rule 3, not the timing of such notices under Rule 4, and its holding is limited to documents "filed within the time specified by Rule 4[.]" *Id*. at 249.

We hold that this court lacks jurisdiction over Babbs's appeal.

**DISMISSED**.

3