**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REGINALD B. DEJOHNETTE,

 Plaintiff - Appellant,

 v.

CHARLES LEE; et al.,

 Defendants - Appellees.

No. 10-17576

D.C. No. 3:08-cv-04844-MMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

 Reginald B. DeJohnette, a California state prisoner, appeals pro se from the

district court's September 30, 2010 order dismissing DeJohnette's 42 U.S.C.

§ 1983 complaint alleging deliberate indifference to his serious medical needs.  We

---

 [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismiss the appeal for lack of appellate jurisdiction.

The district court dismissed DeJohnette's complaint with leave to amend. Rather than filing an amended complaint or obtaining a final order of dismissal from the district court, DeJohnette filed a notice of appeal. We therefore lack jurisdiction. *See WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1135-37 (9th Cir. 1997) (en banc) (a district court's dismissal that expressly grants leave to amend is not final, and a final judgment must be obtained before such a case becomes appealable). The exception allowing a premature notice of appeal to be treated as timely filed under Fed. R. App. P. 4(a)(2) does not apply. *See Serine v. Peterson*, 989 F.2d 371, 372 (9th Cir. 1993) (order) ("Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment.").

Because we dismiss for lack of jurisdiction, we do not consider DeJohnette's outstanding motions.

**DISMISSED.**