**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DARRYL TYRONE BURNSIDE,
*Petitioner-Appellant*,

v.

FRANCISCO JACQUEZ, Warden,
*Respondent-Appellee*.

No. 13-56009

D.C. No.
2:11-cv-10733-
JSL-DTB

ORDER

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, Senior District Judge, Presiding

Submitted to Motions Panel
August 26, 2013[*]—San Francisco, California

Filed September 23, 2013

Before: Mary M. Schroeder, Edward Leavy,
and Marsha S. Berzon, Circuit Judges.

Order

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY**

### Habeas Corpus

In a published order, a motions panel dismissed an appeal for lack of jurisdiction, but construed a pro se appellant's letter and motion for appointment of counsel as a notice of appeal from a final judgment.

The panel first held that appellant's notice of appeal was ineffective because it was premature and only challenged the magistrate judge's report and recommendation. The panel next construed appellant's letter and motion for appointment of counsel, dated after the final judgment, to be a notice of appeal from the final judgment. The panel ordered the Clerk to transmit the letter and motion to the district court for filing as a notice of appeal and request for certificate of appealability, and denied all pending motions as moot.

## COUNSEL

Darryl Tyrone Burnside, Lancaster, California, pro se Appellant.

David Elgin Madeo, Office of the Attorney General, California Department of Justice, Los Angeles, California, for Appellee.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

Darryl Tyrone Burnside, a California state prisoner, filed a petition for writ of habeas corpus in the district court. On February 25, 2013, the magistrate judge issued a report and recommendation to deny the petition. On March 10, 2013, Burnside sent a premature notice of appeal to the district court. The district court received and lodged the notice of appeal on March 22, 2013, but did not file it. On May 28, 2013, the district court adopted the magistrate judge's report and recommendation, dismissed the action, and entered a final judgment.

After the district court entered a final judgment, the magistrate judge issued an order noting that, at the time Burnside filed his notice of appeal, there was no appealable order on file and that the notice of appeal was premature. The magistrate judge further noted that, now that the district court had entered a final judgment, the notice of appeal may be filed pursuant to Federal Rule of Appellate Procedure 4(a)(2). The magistrate judge then directed the clerk to file the notice of appeal. The clerk filed the notice of appeal on June 6, 2013. This docket was opened as a result of that filing.

On June 12, 2013, this court issued an order to show cause regarding a lack of appellate jurisdiction because Burnside's notice of appeal pre-dates the final judgment and only challenges the magistrate judge's report and recommendation. *See Serine v. Peterson*, 989 F.2d 371, 372–73 (9th Cir. 1993) (magistrate judge's findings and recommendations not appealable; premature appeal not cured by subsequent entry of final judgment by district court). In

response to the order to show cause, Burnside filed a letter and motion for appointment of counsel in this court.

It appears that the district court intended to assist Burnside by directing the Clerk to file his notice of appeal regarding the magistrate judge's report and recommendation after the entry of the final judgment. But such efforts could not succeed, and instead can lure a pro se litigant into believing his interests have been protected, when they have not.

A notice of appeal from a magistrate judge's report and recommendation is ineffective. Holding that notice of appeal until after the entry of a final judgment does not convert it into an effective notice of appeal.

Here, the notice of appeal was directed at the magistrate judge's report and recommendation and was filed on March 10, 2013, when Burnside gave it to prison officials for mailing to the district court. *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (pro se notice of appeal is filed at the time an incarcerated appellant delivers it to prison officials for forwarding to the court). The district court did not create a timely notice of appeal of the final judgment by waiting until after the entry of that judgment and then filing the notice of appeal from the magistrate judge's ruling as if it were a notice of appeal from the district court's final judgment.

Rule 4(a)(2) does not apply to appeals from a magistrate judge's report and recommendation. *See Serine*, 989 F.2d at 372–73. "Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a

decision that *would be* appealable if immediately followed by the entry of judgment." *See id.* at 372 (quoting *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co*., 498 U.S. 269, 276 (1991)). The report and recommendation would not be appealable if immediately followed by the entry of judgment, because the district court first had to act on and adopt the report and recommendation. *See Serine*, 989 F.2d at 372–73.

We must therefore dismiss this appeal for lack of jurisdiction. Nevertheless, we construe appellant's letter and motion for appointment of counsel, dated June 25, 2013 and received in this court on July 5, 2013, to be a notice of appeal from the final judgment. *See Estrada v. Scribner*, 512 F.3d 1227, 1236 (9th Cir. 2008) (pro se prisoner's motion for appellate counsel satisfied requirements for notice of appeal where motion identified party seeking to appeal, and referenced judgment and district court's issuance of certificate of appealability).

The Clerk shall transmit appellant's July 5, 2013 letter and motion to the district court for filing as a notice of appeal and request for a certificate of appealability from the final judgment entered on May 28, 2013.

All pending motions are denied as moot.

**DISMISSED.**