
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PERCY BACON, | No. 14-15947 |
| Petitioner-Appellant, | D.C. No: 2:07-cv-0821-KJD-RJJ |
| v. | |
| HOWARD SKOLNIK, et al., | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted December 16, 2016
San Francisco, California

Before: HAWKINS, BERZON, and MURGUIA, Circuit Judges.

Petitioner-Appellant Percy Bacon filed several motions before the district court,

seeking to reopen his closed habeas proceeding. On March 31, 2014, the district court

denied Bacon's motions to reopen, and ordered Bacon to show cause why sanctions

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

should not be imposed. On April 15, 2014, the district court imposed sanctions on Bacon. We affirm both orders.

1. We construe Bacon's notice of appeal from the March 31 order as an application for a certificate of appealability ("COA"). *See Jones v. Ryan*, 733 F.3d 825, 832 n.3 (9th Cir. 2013). Bacon's attempt to reopen his case, based on *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012), raises a new "claim" subject to statutory restrictions on the filing of second or successive habeas petitions. *Jones*, 733 F.3d at 834, 836-37; *see* 28 U.S.C. § 2253(c)(1), (c)(1)(A). "*Martinez* did not decide a new rule of constitutional law," and for this reason "cannot underpin a second or successive habeas corpus petition." *Jones*, 733 F.3d. at 843. The panel cannot grant a COA on these facts. Without a COA, we must dismiss the appeal of the March 31 order for lack of jurisdiction. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 649 (2012).

2. There is no valid notice of appeal on the issue of sanctions. We cannot hear an appeal from the March 31 order to show cause because the order to show cause was interlocutory. *See, e.g.*, *Stanley v. Woodford*, 449 F.3d 1060, 1065 (9th Cir. 2006) (finding court lacked jurisdiction to hear interlocutory appeal). We cannot hear an appeal from the April 15 order because Bacon's appeal, mailed on April 9, 2014, did not mention that order and, as applied to that order, was premature. *See Burnside v. Jacquez*, 731 F.3d 874, 875 (9th Cir. 2013) (concluding that the date of a prisoner

2

filing is when the prisoner conveys the filing to prison officials). None of Bacon's other filings can be construed as a proper notice of appeal. *See id.* at 876. Absent a valid notice of appeal, the court lacks jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).

**AFFIRMED.**