**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANTHONY BOGARIN, | No. 21-55693 |
| Petitioner-Appellant, | D.C. No. 3:16-cv-02793-BTM-MSB |
| v. | |
| S. HATTON, Warden; XAVIER BECERRA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Submitted January 13, 2023[**]
Pasadena, California

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Anthony Bogarin appeals the district court's denial of his motion to reopen

the time to file an appeal of the denial of his 28 U.S.C. § 2254 habeas corpus

petition challenging his conviction for attempted first degree burglary. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion an order denying a motion to reopen, *In re Stein*, 197 F.3d 421, 424 (9th Cir. 1999), and we affirm.

1.      The district court denied Bogarin's Petition for Writ of Habeas Corpus in June 2020. However, Bogarin did not file a timely petition for review. Rather, in April 2021, Bogarin filed a motion for an extension of time to file an appeal, claiming that he did not receive notice of the denial until March 2021. Because there are no exceptions to reopening beyond 180 days from the entry of judgment, the district court properly concluded that Federal Rule of Appellate Procedure 4(a)(6) and Federal Rule of Civil Procedure 60(b) precluded relief.[1] *See In re Stein*, 197 F.3d at 425–26.

2.      Bogarin raises one uncertified issue on appeal, arguing that he sent a letter in September 2019 in response to the magistrate judge's report and recommendation, which he asks us to construe as a timely appeal. Even assuming that Bogarin sent such a letter, a premature appeal of the magistrate judge's report and recommendation is not cured by the district court's subsequent entry of final judgment. *See Serine v. Peterson*, 989 F.2d 371, 372–73 (9th Cir. 1993). Accordingly, we decline to consider this uncertified issue, because Bogarin failed

----

[1] Bogarin acknowledges that we are bound by *In re Stein*.

2

to make the required "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

**AFFIRMED.**