17 F.3d 291
 28 Fed.R.Serv.3d 33
 In re JACK RALEY CONSTRUCTION, INC., Debtor,
John T. KENDALL, Trustee in Bankruptcy, Plaintiff-Appellee,
v.
HOMESTEAD DEVELOPMENT COMPANY, INC., a California
corporation, Defendant,
Carpenters Health and Welfare Trust Fund for California;
Carpenters Pension Trust Fund for Northern California;
Carpenters Vacation and Holiday Trust Fund for Northern
California; Carpenters Apprenticeship and Training Trust
Fund for Northern California; Carpenters Annuity Trust Fund
for Northern California, Defendants-Appellants.
 No. 92-16460.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 11, 1994.
Decided Feb. 25, 1994.
 
 Christian L. Raisner, Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, CA, for defendants-appellants.
 C. Randall Bupp, Kornfield, Paul & Bupp, Oakland, CA, for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of California, Charles A. Legge, District Judge, Presiding.
 Before: ALDISERT*, WIGGINS and BRUNETTI, Circuit Judges.
 OPINION
 ALDISERT, Circuit Judge:
 
 
 1
 In this appeal from a district court's order granting summary judgment in favor of a Chapter 7 trustee, we must determine if this court has jurisdiction when the notice of appeal was filed prior to the entry of judgment. Specifically, we are called upon to apply Rules 4(a)(1) and 4(a)(2) of the Federal Rules of Appellate Procedure as interpreted in FirsTier Mortgage Co. v. Investors Mortgage Insurance Co., 498 U.S. 269, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991). Should we conclude that we have jurisdiction, we must then decide whether payments made to an employee trust fund out of the debtor's accounts receivable constituted a voidable transfer of the debtor's property under the Bankruptcy Code, 11 U.S.C. Sec. 549. The district court held that the transfers were voidable.
 
 
 2
 Jurisdiction was proper in the district court based on 28 U.S.C. Sec. 1334(a). Although final judgment was entered in the district court on October 2, 1992, the notice of appeal was filed almost two months earlier, on August 13, 1992.
 
 
 3
 Rule 4(a)(1) sets forth the general rule that in civil cases where the United States is not a party, the notice of appeal shall be filed "within 30 days after the date of entry of the judgment or order appealed from." Rule 4(a)(2), however, provides an exception:
 
 
 4
 [A] notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof.
 
 
 5
 We must construe this exception in light of the teachings of FirsTier, 498 U.S. at 276, 111 S.Ct. at 652, in which the Court delineated the circumstances under which an appeal taken prior to the entry of judgment by a district court qualifies as a timely appeal under Rule 4(a)(2):
 
 
 6
 In our view, Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment.
 
 I.
 
 7
 The facts are not controverted. On September 20, 1989, Jack Raley Construction, Inc. filed a Chapter 11 bankruptcy petition, which was later converted to a Chapter 7. At the time it filed its bankruptcy petition, Raley owed over $135,000 to the Appellants, Carpenters Health and Welfare Trust Fund for California and related trust funds (hereinafter "Carpenters Fund" or "the Fund"). Carpenters Fund is an employee benefit plan created pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Secs. 1001-1461. Under a collective bargaining agreement, Raley was obligated to pay a contribution to Carpenters Fund for every hour of carpentry work performed by Raley's employees. Both pre-petition and post-petition, Raley employees performed carpentry work on projects being developed by Homestead Development Company, Inc.
 
 
 8
 As a result of a post-petition agreement between Homestead, Carpenters Fund and Raley, Homestead made certain payments directly to Carpenters Fund for the sole purpose of satisfying Raley's pre-petition obligations to the Fund. These payments were taken from monies due Raley for work completed on Homestead projects, and they were not approved by the bankruptcy judge.
 
 
 9
 The Appellee John T. Kendall, a Chapter 7 bankruptcy trustee, filed a complaint in bankruptcy court seeking to recover the amounts paid by Homestead to the Fund on the ground that the payments constituted post-petition transfers of property from the debtor's estate. See 11 U.S.C. Secs. 549, 550. After the proceedings were removed to the district court on motion of the Fund, both parties moved for summary judgment.
 
 
 10
 Subsequently, on July 23, 1992, the district court granted summary judgment in favor of the trustee. The district court determined:
 
 
 11
 1. The monies owed by Homestead ... to the debtor, with respect to both pre-petition and post-petition work of the debtor, are the property of the debtor's estate under 11 U.S.C. Sec. 541.
 
 
 12
 2. The payments which Homestead ... made to defendant were post-petition transfers of the property of the estate of the debtor, which plaintiff can recover under 11 U.S.C. Sec. 549.
 
 
 13
 3. Trust funds held by the debtor at the time of bankruptcy are not the property of the estate. However, the monies at issue were not trust funds, but only accounts payable owed by Homestead ... to the debtor, and by the debtor to the defendant.
 
 
 14
 E.R. at 56 (citations omitted). The district court concluded that until the monies owed by an employer under an agreement are actually paid to the trust fund, the relationship between the employer and the trust "is simply that of creditor and debtor." Id. at 57.
 
 
 15
 Especially relevant to the threshold question of jurisdiction, in its July 23 order the court stated:
 
 
 16
 4. Summary judgment is therefore granted in favor of plaintiff and against defendant with respect to the payments made by Homestead.
 
 
 17
 Id. Significantly, the court did not mention the possibility of pre-judgment interest in its July 23 order.
 
 
 18
 Thereafter, the court requested the trustee to prepare an order of judgment. On August 13, 1992, prior to the filing of the order of judgment and prior to the entry of the judgment itself, Carpenters Fund filed a notice of appeal. Two days later, on August 15, the trustee forwarded to the district court a proposed form of judgment which included pre-judgment interest "at the legal rate (7%) from the dates of transfer of all subject payments" from Homestead to Carpenters Fund. Id. at 64.
 
 
 19
 On August 25, the Fund filed a written objection to the inclusion of pre-judgment interest, requesting "an opportunity to brief and argue the issue of whether pre-judgment interest is available to Plaintiff." Id. at 65. On October 2, without scheduling additional briefing or argument, the district court entered judgment in favor of the Appellee in the amount of $135,206.24, plus pre-judgment interest of $24,095.16. Although the Fund's notice of appeal was filed six weeks before the entry of judgment and the resolution of the pre-judgment interest issue, the Fund did not file a new notice of appeal subsequent to the entry of judgment.
 
 
 20
 On appeal, the Fund argues that the district court erred by granting summary judgment in favor of the trustee because the trustee failed to carry his burden of proof, because the transferred funds were expressly excluded from the debtor's estate by the Bankruptcy Code, because the payments to the Fund were held in either an express or constructive trust and because any post-petition transfers should have been offset against the Fund's super-priority status under Chapter 11. The Fund also contends that the "district court's award of pre-judgment interest was improper and improperly calculated." Brief of Appellants at 38.
 
 II.
 
 21
 Initially, we must decide if the July 23 Order, which did not address the question of pre-judgment interest, qualifies under Rule 4(a)(2) as a "decision that would be appealable if immediately followed by the entry of judgment." FirsTier, 498 U.S. at 276, 111 S.Ct. at 652. To ask this question is also to answer it.
 
 
 22
 A premature notice of appeal is valid when "[a]ll that remained was the clerk's ministerial task of entering a Rule 58 judgment." American Totalisator Co. v. Fair Grounds Corp., 3 F.3d 810, 813 (5th Cir.1993). The premature notice here was not valid because the matter of pre-judgment interest was not decided until October, long after the notice of appeal had been filed. Making this decision was more than a ministerial act to be performed by the Clerk of Court and routinely executed by the judge, it required adjudication of a contested issue not raised or resolved in the July 23 order.
 
 
 23
 "Whereas the district court in FirsTier had only ministerial functions left to complete after announcing summary judgment," Strasburg v. State Bar of Wisconsin, 1 F.3d 468, 472 (7th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 698, 126 L.Ed.2d 665 (1994), the district court here had not yet completed its adjudication. It had not yet decided all of the issues that were eventually incorporated into its final judgment entered October 2, specifically the issue of pre-judgment interest.
 
 
 24
 Clearly, the parties did not and do not agree on the propriety of pre-judgment interest in this case. On appeal, the Fund argues that the issue was waived by the trustee and that ERISA, which it contends is the non-bankruptcy law governing this case, does not provide for pre-judgment interest. Alternatively, it argues that even if the award of pre-judgment interest was proper, the court erred in calculating the rate of interest because the district court used the rate applicable on October 1, 1992, rather than the rate existing immediately before its summary judgment order. See In re Nucorp Energy, Inc., 902 F.2d 729, 734 (9th Cir.1990) (providing that interest rate should be calculated immediately prior to the date of judgment).
 
 
 25
 Furthermore, "Rule 4(a)(2) was intended to protect the unskilled litigant who files a notice of appeal from a decision that he [or she] reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment." FirsTier, 498 U.S. at 276, 111 S.Ct. at 652. We are unwilling to conclude that the Appellants were lulled into the reasonable but mistaken belief that their August 13 notice of appeal was efficacious. They could not rely on the teachings of FirsTier under circumstances in which they challenged the proposed award of pre-judgment interest. Theirs was not a casual objection to the proposed order of judgment proffered by the trustee. Appellants requested the opportunity to brief and orally argue their objection to a matter they knew was not contained in the July 23 order. See Serine v. Peterson, 989 F.2d 371, 372 (9th Cir.1993) ("Plaintiff himself betrayed his awareness of this fact by filing objections to the magistrate judge's order in the district court.").
 
 
 26
 The appeal process was within the exclusive control of Appellants. They were required to follow the time constraints of the general rule, Rule 4(a)(1) and could rely on the exception provided in Rule 4(a)(2) only if the precise teachings of FirsTier were respected. Where there is some doubt about the application of an exception to the general rule, the prudent course of action is merely to file a fresh appeal after entry of final judgment. The Appellants failed to do so and instead gambled on the premise that this case did fit within Rule 4(a)(2)'s very narrow exception.
 
 
 27
 Accordingly, we conclude that the district court did not render a decision on July 23, 1992 that would have been appealable if immediately followed by the entry of judgment. Therefore, the Fund's August 13 notice of appeal was premature.
 
 
 28
 The appeal is DISMISSED for lack of jurisdiction.
 
 
 
 *
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation