26 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John BADEA, Plaintiff-Appellant,
v.
EMPLOYERS HEALTH INSURANCE CO., et al.; Orco Construction
Company, and Rick Hewitt, Defendants-Appellees.
 No. 93-15227.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided May 27, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Badea appeals pro se the district court's summary judgment for defendants in Badea's action alleging that defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Secs. 1961-68. We dismiss this appeal for lack of jurisdiction.
 
 
 3
 The district court's December 3, 1991 order dismissing Badea's RICO claim but granting Badea leave to amend his ERISA claim was not a final, appealable order. See Proud v. United States, 704 F.2d 1099, 1100 (9th Cir.1983) (per curiam). Thus, Badea's notice of appeal filed on December 18, 1991 was ineffective. See id. The district court's February 25, 1992 order dismissing Badea's action for failure to prosecute did not serve to cure Badea's premature notice of appeal, see Kendall v. Homestead Development Co. (In re Jack Raley Constr., Inc.), 17 F.3d 291, 294 (9th Cir.1994) (premature notice of appeal valid only if all that remained for district court was ministerial task of entering Rule 58 judgment), and Badea did not file another notice of appeal following that judgment). Therefore, because Badea failed to file a timely notice of appeal, we must dismiss the appeal for lack of jurisdiction. See Ingram v. Acands, Inc., 977 F.2d 1332, 1336 (9th Cir.1992).[1]
 
 
 4
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A motions panel of this court twice denied appellees' motions to dismiss this case on the ground Badea's notice of appeal was premature. We are not bound, however, by the decisions of the motions panel. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1032 n. 3 (9th Cir.1990) (merits panel has independent duty to reexamine jurisdiction of court), cert. denied, 112 S.Ct. 417 (1991)