50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kim REUTER, Plaintiff-Appellee,
v.
Bob SKIPPER, Defendant-Appellant.
 No. 93-35901.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1995.*
Decided March 9, 1995.
 
 1
 Appeal from the United States District Court, for the District of Oregon, D.C. No. CV-92-01622-JAR; James A. Redden, District Judge, Presiding.
 
 
 2
 Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges
 
 
 3
 MEMORANDUM**
 
 
 4
 Skipper appeals the district court's grant of summary judgment and entry of a permanent injunction in favor of Reuter. We dismiss the appeal for lack of jurisdiction.
 
 
 5
 Reuter sued Skipper seeking damages, declaratory judgment, and a permanent injunction. After the district court granted summary judgment in favor of Reuter, but before the scope of the permanent injunction had been decided, Skipper filed a notice of appeal. Skipper failed to file another notice of appeal after the district court entered the permanent injunction.
 
 
 6
 * Reuter argues that In re Jack Raley Construction, Inc., 17 F.3d 291 (9th Cir.1994), requires the dismissal of Skipper's appeal as premature. In Jack Raley the district court issued an order granting summary judgment in favor of a Chapter 7 trustee, and Carpenters Fund filed a notice of appeal. Later, the trustee filed with the district court its proposed order of judgment. The Fund filed a written objection to the proposed order because it included interest. Id. at 293. The district court subsequently entered judgment in favor of the trustee, with interest. The Fund failed to file a notice of appeal after the entry of judgment, relying instead on its earlier notice.
 
 
 7
 We dismissed the Fund's appeal as premature, holding that "a notice of appeal from a nonfinal decision [is effective] only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment." Id. at 292. That is, a "premature notice of appeal is valid when all that remained was the clerk's ministerial task of entering a Rule 58 judgment." Id. at 294 (citations and quotations omitted). The notice of appeal in Jack Raley "was not valid because the matter of prejudgment interest was not decided until ... long after the notice of appeal had been filed." Id. Jack Raley distinguished FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269 (1991), in which a premature notice of appeal was held effective, on this point as well: "Whereas the district court in FirsTier had only ministerial functions left to complete after announcing summary judgment, the district court here had not yet completed its adjudication." Id. (citations and quotations omitted).
 
 
 8
 Skipper argues that Jack Raley is distinguishable because in Reuter, the district court's "summary judgment opinion and the stipulated damages ... disposed of all the issues.... [and] Plaintiff does not contend that she was in any way prejudiced by the allegedly premature filing." But this argument ignores the court's permanent injunction, which was not disposed of when Skipper filed his appeal. Indeed, Skipper himself objected to Reuter's proposed injunction. Moreover, while the fact that Reuter was not prejudiced by the premature filing makes the dismissal of Skipper's appeal harsh, it does nothing to distinguish this case from Jack Raley.
 
 
 9
 Just as the pre-judgment interest issue in Jack Raley was unresolved at the time of the notice of appeal, so too was the scope of the injunction in this case. More than merely the ministerial task of entering a Rule 58 judgment remained; the district court had to rule on whether the injunction would prohibit reprisals against Reuter. Although that certainly was not a central issue in the Reuter litigation, neither was interest in Jack Raley.
 
 
 10
 The appeal is DISMISSED for lack of jurisdiction.
 
 
 
 *
 The panel unamiously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3