86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Michael NEYLAND, Plaintiff-Appellant,
v.
J.H. CRABTREE, Warden; S.B. Sales, Lieutenant, Sheridan,
OR, Defendants-Appellees.
 No. 95-35288.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William M. Neyland, a federal prisoner, appeals pro se the district court's dismissal of his action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Neyland contends that placing him in lock-down and segregation and transferring him to a different facility following a prison riot violated his constitutional rights. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 On February 15, 1995, the district court dismissed Neyland's complaint without prejudice and gave him thirty days to file an amended complaint. On March 7, 1995, Neyland filed a motion for an extension of time to file an amended complaint, which was granted by the district court. On March 23, 1995, Neyland filed a notice of appeal from the February 15, 1995 dismissal order.[1] On April 10, 1995, Neyland filed his first amended complaint. On August 28, 1995, the district court dismissed the action with prejudice after Neyland failed to file a second amended complaint as advised by the district court. Neyland did not file a notice of appeal from the final judgment.
 
 
 4
 An order dismissing a complaint without prejudice and permitting plaintiff to amend his complaint is generally not a final, appealable order. See McGuckin v. Smith, 974 F.2d 1050, 1053 (9th Cir.1992); Proud v. United States, 704 F.2d 1099, 1100 (9th Cir.1983) (per curiam). The dismissal order may become a final, appealable order if plaintiff elects to stand on his pleading. See McCalden v. California Library Ass'n, 955 F.2d 1214, 1224 (9th Cir.), cert. denied, 504 U.S. 957 (1992); cf. Serine v. Peterson, 989 F.2d 371, 372 (9th Cir.1993) (holding that plaintiff acknowledged order to be non-final by filing objections to that order).
 
 
 5
 Here, the February 15, 1995 order of dismissal was not a final order. See McGuckin, 974 F.2d at 1053. Neyland acknowledged this fact by moving for an extension of time to file an amended complaint and submitting an amended complaint. See McCalden, 955 F.2d at 1224; see also Serine, 989 F.2d at 372. Accordingly, the March 23, 1995 notice of appeal was premature with respect to the February 15, 1995 order. See McGuckin, 974 F.2d at 1053.
 
 
 6
 Further, the premature notice of appeal was not cured by the entry of the final judgment five months later. See Firstier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 276 (1991) ("a notice of appeal from a non-final decision operate[s] as a notice of appeal from the final judgment only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment"); In re Jack Raley Constr., Inc., 17 F.3d 291, 294 (9th Cir.1994) (explaining that premature notice of appeal is valid only if all that remained for district court was ministerial task of entering Rule 58 judgment). The February 16, 1996 dismissal order could not be immediately followed by an entry of judgment because it "open[ed] the door to a renewed contest." See McGuckin, 974 F.2d at 1053 (quotations omitted); see also Firstier Mortgage Co., 498 U.S. at 276; In re Jack Raley Constr., Inc., 17 F.3d at 294.
 
 
 7
 Accordingly, this appeal is DISMISSED for lack of jurisdiction.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The notice of appeal indicates that the appeal was taken from the district court's order entered on March 17, 1995. However, no order was entered on that particular day. Neyland attached the district court's February 15, 1995 order with his notice of appeal