95 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TOGETHER DEVELOPMENT CORPORATION, Plaintiff-Appellee,
v.
A BETTER CHOICE LTD.; Brian C. Popko; Prodata Institute;
American Millionaires, Inc.; A Million
Connections, Inc., Defendants-Appellants,
v.
Will KNEDLIK, Appellant.
 No. 95-35476.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brian Popko appeals pro se the district court's partial grant of Together Development Corporation's ("TDC") motion for default judgment.
 
 
 3
 We AFFIRM.
 
 
 4
 TDC argues that Popko's appeal should be dismissed because the notice of appeal was filed from the non-final order dated April 4, 1995. TDC contends that the order was not final because the district court deferred ruling on the amount of TDC's attorney's fees and damages. Federal Rule of Appellate Procedure 4(a)(2) provides that a notice of appeal "filed after the announcement of a decision or order but before the entry of judgment or order shall be treated as filed after such entry and on the day thereof." "Rule 4(a)(2) permits a notice of appeal filed from certain nonfinal decisions to serve as an effective notice from a subsequently entered final judgment." Firstier Mort. Co. v. Investors Mort. Ins. Co., 498 U.S. 269, 274 (1991). The purpose of this rule is to "protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment." Id. at 276. See also In re Jack Raley Constr., Inc., 17 F.3d 291, 295 (9th Cir.1994). We hold that Popko's prematurely filed notice of appeal serves as effective notice from the final judgment entered on July 28, 1995.
 
 
 5
 Popko argues that the district court erred in entering a default judgment against him. The district court's discretionary decision to enter a default judgment "will not be disturbed if ... the defendant's culpable conduct led to the default[.]" Alan Neuman Prod., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.1988). Popko was properly served with TDC's complaint. He never filed an answer to the complaint or a motion to dismiss. "A party's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer the complaint." In re Hammer, 940 F.2d 524, 526 (9th Cir.1991). Since Popko's culpable conduct led to the default judgment, the district court did not err.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3