696

**William KADDIS, Plaintiff–Appellant,**

v.

**COUNTY OF VENTURA, a California County; et al., Defendants–Appellees.**

**No. 05–56649.**

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2007 *.

Filed June 19, 2007.

Emmanuel C. Akudinobi, Esq., Akudinobi & Ikonte, Los Angeles, CA, for Plaintiff–Appellant.

Noel A. Klebaum, Esq., County Counsel, Office of the County Counsel, Anthony R. Strauss, Esq., Mary M. Howard, Esq., Strauss Uritz, Ventura, CA, Jeffrey F. Sklan, Esq., Jeffrey F. Sklan Law Office, Beverly Hills, CA, Jonathan Galatzan, Office of the California Attorney General, Los Angeles, CA, Linda K. Ash, Esq., for Defendants–Appellees.

Before: ALARCON, D.W. NELSON, and RYMER, Circuit Judges.

MEMORANDUM **

William Kaddis appeals from the district court's order dismissing a number of causes of action, but granting leave to amend four RICO claims and staying pendant state law claims. We dismiss the appeal for lack of jurisdiction.

The September 23, 2005 Order from which Kaddis appeals was non-final and nonappealable. *See WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc). The only question is whether the October 24, 2005 notice of appeal "relates forward" to the district court's final order dismissing the action on July 10, 2006. *See* Fed. R.App. P. 4(a)(2); *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.,* 498 U.S. 269, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991). It does not. The district court's September 23, 2005 decision "could not be 'appealable if immediately followed by the entry of judgment' because the order could not form the basis of a final judgment without subsequent intervention by the district court" to dismiss the stayed claims. *Serine v. Peterson,* 989 F.2d 371, 372–73 (9th Cir.1993) (quoting *FirsTier,* 498 U.S. at 276, 111 S.Ct. 648). Accordingly, there remained more than "the clerk's ministerial task of entering a Rule 58 judgment." *In re Jack Raley Constr., Inc.,* 17 F.3d 291, 294 (9th Cir.1994) (quoting *Am. Totalisator Co. v. Fair Grounds Corp.,* 3 F.3d 810, 813 (5th Cir.1993)). Kaddis compounded this problem by pursuing the option to amend his complaint, which required adjudication of issues not resolved by the September 23 order. *See id.*

Moreover, Kaddis's attorney advised him on October 18, 2005 that there had not yet been a final order and that he needed to finish pursuing attempts to amend the complaint before he could appeal. Kaddis nevertheless sought to extend time to amend and other relief in the district court both before and after filing the notice of appeal. He acknowledged in his opening brief on appeal that the district court had not yet disposed of all claims. In these

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

circumstances, "[w]e are unwilling to conclude that [Kaddis was] lulled into the reasonable but mistaken belief" that his October 24 notice of appeal was from a final order. *Id.; see also FirsTier*, 498 U.S. at 276, 111 S.Ct. 648 (observing that Rule 4(a)(2) "protect[s] the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment").

Neither 28 U.S.C. § 1292 nor the collateral order doctrine applies. *Cf. Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 991–92 (9th Cir.2002) (involving claims that would be effectively unreviewable after a final judgment).

DISMISSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.