**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WARREN N. RICHARDS, IV, | No. 11-16849 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00418-GMS |
| v. | |
| HOLSUM BAKERY INCORPORATED, an Arizona corporation and FLOWERS FOODS INCORPORATED, a Georgia corporation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. MURGUIA, Circuit Judge, Presiding

Argued and Submitted June 12, 2013
San Francisco, California

Before: SCHROEDER, RIPPLE[**], and CALLAHAN, Circuit Judges.

Warren N. Richards, IV, sued his former employer, Holsum Bakery, Inc.

("Holsum"), for breach of contract. He filed this appeal from the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

award of $13,000 in attorneys' fees as a sanction for his attorney meeting with one of defendant's employees. When the district court indicated that, pursuant to Richards's request, it would remand the case to state court, Richards filed a notice of appeal from the sanction orders. We dismiss this appeal for lack of appellate jurisdiction, and, treating Richards's filings as a petition for a writ of mandamus, we deny the petition.

I

Richards filed an action in the Superior Court of Arizona, Maricopa County, alleging breach of contract and seeking recovery of back salary and healthcare benefits. Holsum removed the case to the United States District Court for Arizona asserting that Richards' claims were governed by the federal Employee Retirement Income Security Act ("ERISA"). While the parties were contesting the scope of discovery relevant to whether Richards's claims were governed by ERISA, Richards and his attorney, Daryl Williams, met with Nichole de Parra, who was then Holsum's Assistant Director of Human Resources, outside the presence of opposing counsel, and procured a statement from her.

Holsum cried foul and filed a motion to disqualify counsel, asserting that Richards's attorney had violated Arizona Ethics Rule 4.2. The District Court agreed, and on November 5, 2009, issued an order denying Holsum's motion to

2

disqualify Williams, but granting Holsum attorneys' fees, and directing that a copy of the court's order be delivered to the Arizona State Bar. The district court reasoned that pursuant to *Lang v. Superior Court*, 170 Ariz. 602, 604 (Ct. App. 1992), de Parra was "a managerial employee that exercises managerial responsibility on behalf of the organization." The court also concluded that Williams knew, or should have known, that de Parra was a person with managerial responsibilities, and that contacting her violated Rule 4.2. On June 25, 2010, the district court issued an order awarding Holsum $13,000 in attorneys' fees.

The Arizona Bar considered the district court's order, but declined to take action against Williams, finding that he lacked the requisite mental state for a violation of Rule 4.2, even though it appeared likely that his action was prohibited by the rule.

Richards then filed a motion to set aside the sanction order. On February 22, 2011, the district denied the motion, explaining that pursuant to *Gas-A-Tron of Arizona v. Union Oil Co*, 534 F.2d 1322, 1324-25 (9th Cir. 1976), it had an independent duty to examine charges of violations of ethical responsibilities and to maintain public confidence in the legal profession.

Meanwhile, Richards continued to seek the remand of his case to state court. In March, 2010 he had filed an amended complaint that omitted the contract claim

3

that was allegedly preempted by ERISA. In late spring 2011, the district court indicated that pursuant to the amended complaint it might not have jurisdiction over the case and would remand it to the state court. On August 1, 2011, Richards filed a notice of appeal seeking review of (1) the November 5, 2009 order granting in part Holsum's motion for disqualification, (2) the June 25, 2010 order awarding $13,000 in attorneys' fees, and (3) the February 22, 2011 order denying plaintiff's motion to set aside the court order.

## II

The appeal is dismissed for two reasons. First, the notice of appeal was not filed within 30 days of any appealable order as required by Federal Rule of Appellate Procedure 4(a). The Supreme Court has consistently held that the filing of a notice of an appeal within the prescribed time is mandatory and jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (holding that "taking of an appeal within the prescribed time is mandatory and jurisdictional").

Second, following the Supreme Court's opinion in *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), the sanction order is not an appealable order under the collateral order doctrine. In *Mohawk*, the Supreme Court, in addressing the third factor of the test set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949), held that courts do:

4

not engage in an "individualized jurisdictional inquiry." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473 (1978). Rather, our focus is on "the entire category to which a claim belongs." *Digital Equipment* [*Corp. v. Desktop Direct, Inc.*], 511 U.S. [863], 868 [(1994)]. As long as the class of claims, taken as a whole, can be adequately vindicated by other means, "the chance that the litigation at hand might be speeded, or a 'particular injustic[e]' averted," does not provide a basis for jurisdiction under § 1291.

*Mohawk*, 558 U.S. at 107 (parallel citations omitted). Here, as Richards admitted at oral argument, appellate review of most discovery sanction orders may await the entry of a final judgment. Because the "class of claims, taken as a whole" need not be immediately appealed, the district court's sanction orders are not appealable under the collateral order doctrine.[1]

### III

The determination that the sanctions orders are not subject to appeal pursuant to the collateral order doctrine does not leave Richards without a remedy. As the Supreme Court noted in *Mohawk,* he may seek appellate review by filing a petition for a writ of mandamus. *See* 558 U.S. at 111. Accordingly, we consider Richards's

---

[1] We need not determine whether the district court's remand order could be appealed in light of 28 U.S.C. § 1447(d), *but see Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 636-39 (2009), or whether the Supreme Court's approach in *Mohawk* would still apply, because Richards did not file a notice of appeal from that order.

filings as a petition for writ. *See* 19 *Moore's Federal Practice*, § 204.04[5] (3d ed. 2012).

Applying the five factor standard set forth in *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1146 (9th Cir. 2005), we decline to issue a writ. The district court's sanctions award was not "clearly erroneous as a matter of law," does not represent an "oft-repeated" error or patent "disregard of the federal rules," and does not raise "new and important problems" or legal issues of first impression. *See id.* The district court considered the applicable Arizona law, *Lang*, 179 Ariz. at 604, reasonably applied that law, and acted according to its responsibility for controlling the conduct of lawyers practicing before it, *see Gas-A-Tron of Ariz.*, 34 F.2d at 1324-25.

This appeal is dismissed for lack of appellate jurisdiction, and, treating Richards' filings as a petition for a writ of mandamus, the petition is **DENIED**.

Richards v. Holsum Bakery, No. 11-16849

RIPPLE, Circuit Judge, dissenting:

The court holds that (1) the notice of appeal was not filed within 30 days of an appealable order; (2) the sanction order is not appealable under the collateral order doctrine; and (3) it is not appropriate for the court to issue a writ of mandamus. I believe that the district court's remand of the case to state court made previous non-final orders, including the sanctions order, appealable and, therefore, I respectfully dissent from the court's determination that we lack jurisdiction to hear this appeal.

A sanctions order is ordinarily a non-final, interlocutory order and is not immediately appealable. Cato v. Fresno City, 220 F.3d 1073, 1074 (9th Cir. 2000). However, "[w]e take 'a pragmatic approach to finality in situations where events subsequent to a nonfinal order fulfill the purposes of the final judgment rule.'" Id. at 1074-75 (quoting Dannenberg v. Software Toolworks, Inc., 16 F.3d 1073, 1075 (9th Cir. 1994)). Here, implementation of that "pragmatic approach" is governed by two of our recent precedents, Harmston v. City & County of San Francisco, 627 F.3d 1273 (9th Cir. 2010), and California Department of Water Resources v. Powerex Corp., 533 F.3d 1087 (9th Cir. 2008). After these two cases, it is clear that the district court's decision to remand the present case to state court after the filing of an amended complaint that contained no federal claim was a final

judgment.  Powerex Corp., 533 F.3d at 1091, 1096.  At that point, "'the district court disassociate[d] itself from the case entirely, retaining nothing of the matter on the federal court's docket.'"  Id. at 1096 (alteration in original) (quoting Snodgrass v. Provident Life & Accident Ins. Co., 147 F.3d 1163, 1166 (9th Cir. 1998) (per curiam)); see also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 714 (1996).  At that time, there was no longer any "'danger of piecemeal appeal'" because "'nothing else remain[ed] in the federal courts.'"  Harmston, 627 F.3d at 1279 (quoting Anderson v. Allstate Ins. Co., 630 F.2d 677, 681 (9th Cir. 1980)); see also Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 106 (2009) (noting that among the virtues of the "final-judgment rule" is the avoidance of "piecemeal, prejudgment appeals").

In Harmston, we further stated "that remand orders are 'final' for purposes of sweeping in prior non-final orders" and held that a remand order is "'final' for purposes of allowing [a party] to appeal the sanctions order against him."  627 F.3d at 1278, 1279.  There, the district court ordered sanctions against one of the plaintiffs and his counsel.  We dismissed that plaintiff's immediate appeal because the sanctions order was not an immediately appealable order.  The district court later remanded the case to state court.  Id. at 1275-76.  Approximately nine months after the remand order, the state court entered summary judgment on most of the

2

plaintiff's claims, and the plaintiff filed a notice of appeal to this court attempting to appeal the sanctions order issued by the district court. Id. at 1276. We concluded that the district court's order remanding the case to state court "was 'final' for purposes of allowing [the plaintiff] to appeal the sanctions order against him." Id. at 1279. Having determined that the time to appeal began to run when the district court remanded the case, we dismissed the appeal because the notice of appeal was untimely under Federal Rule of Appellate Procedure 4. Id. at 1281.

In the present case, the district court informed the parties that it did not believe that it had jurisdiction and ordered Holsum to file a motion to show cause by a certain date if it disagreed with this conclusion. Holsum did not respond. Mr. Richards filed a notice of appeal two months later. His pleadings suggest that he assumed that the imminent remand made his case appealable and that he was required to appeal before remand was entered because remand would deprive him of the opportunity to appeal the sanctions order. Thirty-two days after he filed his notice of appeal, the district court remanded the case to state court.[1] Since

---

[1] When Holsum failed to respond to the district court's order to show cause, Mr. Richards filed a motion requesting an order stating that the sanctions order was reviewable. He withdrew his motion when he filed his notice of appeal, stating his belief that a separate order was unnecessary because the imminent remand made the case appealable. R.105 at 1, 4. The district court's remand order noted the withdrawn motion and dismissed it as moot without discussion. Our cases holding

(continued...)

3

<u>Harmston</u> makes clear that an order remanding the case after disposal of all federal claims and declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367 is a final, appealable order, the issue, then, is whether Mr. Richards' premature notice of appeal springs forward to the date of the remand order and is timely under Rule 4(a)(2). I now turn to that question.

Rule 4(a)(1) requires a party to file a notice of appeal "within 30 days after entry of the judgment or order appealed from." Rule 4(a)(2) provides that "[a] notice of appeal filed after the court announces a decision or order--but before the entry of the judgment or order--is treated as filed on the date of and after the entry." <u>See also</u> <u>FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.</u>, 498 U.S. 269, 270 (1991) (holding that notice was timely when filed after the district court announced its intention from the bench but before entry of judgment); <u>Cato</u>, 220 F.3d at 1074-75 (involving a notice of appeal filed within thirty days of the sanctions order, but an unspecified number of days before final judgment; the court

[1](...continued)
that Federal Rule of Appellate Procedure 4(a)(2) did not apply involved more than a ministerial act of summarily dismissing a withdrawn, moot motion.

There is no indication that the discovery notices filed after the notice of appeal were matters on which the parties expected the court to take action. It is not surprising that litigants, wanting to maintain the momentum of their case, would comply with the rules of the court that still technically retained jurisdiction even though it had indicated its belief that it had no jurisdiction.

4

held that the defect in the immediate notice of appeal was cured by the later entry of final judgment). At least one circuit has held that an appealable decision is sufficiently announced for purposes of Rule 4(a)(2) when the district court gives the party an opportunity to respond and dictates the consequences of failure to respond. Roe v. Elyea, 631 F.3d 843, 855 (7th Cir. 2011). In that case, the court held that it was reasonable for a party to believe that the order disposed of its claims. Id.

In contrast, a premature notice of appeal does not spring forward to the date on which judgment technically became final if, at the time the notice was filed, more remained in the case than a ministerial act of entering judgment. See Kennedy v. Applause, Inc., 90 F.3d 1477, 1483 (9th Cir. 1996) (holding that Rule 4(a)(2) did not apply because the amount of fees and costs had yet to be determined and the district court had requested briefing on the matter); Kendall v. Homestead Dev. Co. (In re Jack Raley Constr., Inc.), 17 F.3d 291, 294 (9th Cir. 1994) (holding that Rule 4(a)(2) did not apply when the notice of appeal was filed several months before the matter of pre-judgment interest was decided); Serine v. Peterson, 989 F.2d 371, 372-73 (9th Cir. 1993) (holding that Rule 4(a)(2) did not apply to a notice of appeal filed after a magistrate's recommendation because a recommendation requires intervention by the district court).

In the present case, the district court did not say definitively that it would remand, but its order offered Holsum a choice between remand and objecting to remand:

> [I]t appears to the Court that it may not have jurisdiction to hear the remaining claims in this case, in light of the previous orders entered in this matter. . . .
>
> If . . . Defendants wish to assert that this Court retains jurisdiction over the Plaintiff's remaining claims, it will file a motion . . . setting forth any argument as to why this Court retains jurisdiction not later than **June 8, 2011**.

R.98 at 1-2 (emphasis in original). Holsum did not file a motion asserting that the district court had jurisdiction; the district court's only action after announcing its intention to remand was to formally remand the case. After the district court's announcement and Holsum's failure to file a response, it was reasonable for Mr. Richards to conclude that "[a]ll that remained was the clerk's ministerial task of entering" an order of remand. Kendall, 17 F.3d at 294 (alteration in original) (internal quotation marks omitted). Thus, his notice of appeal, filed after the district court's announcement and thirty-two days before the formal order of remand, should be considered timely under Rule 4(a)(2).

I therefore take the view that the district court entered a final judgment in this case and that we ought to proceed to the merits. However, since my colleagues

6

have determined that we do not have jurisdiction and therefore have not addressed the merits, I shall refrain from expressing my view as well. The views of a single judge of the panel are of no consequence under these circumstances.