**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-17-1249-TaLLs |
| LUEVINA HENRY, | Bk. No. 6:16-bk-16720-MJ |
| Debtor. | |
| LUEVINA HENRY, | |
| Appellant, | |
| v. | MEMORANDUM[*] |
| ROD DANIELSON, Chapter 13 Trustee, | |
| Appellee. | |

Submitted Without Oral Argument on June 21, 2018

Filed – June 27, 2018

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Meredith A. Jury, Bankruptcy Judge, Presiding

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appearances:     Appellant Luevina Henry, pro se, on brief.

_____

Before: Taylor, Lafferty, and Lastreto,[**] Bankruptcy Judges.

## INTRODUCTION

Luevina Henry filed a notice of appeal in her chapter 13[1] case but failed to clearly identify the order subject to appeal. We sought the required specificity and directed her to clarify. Eventually, she requested review of an order on a motion she initiated *after* she filed her notice of appeal. Because we lack jurisdiction to review the order she designates, we DISMISS this appeal.

## FACTUAL BACKGROUND

Henry filed a chapter 13 petition in July 2016.[2] A month later, John Baker, her now-former spouse, obtained stay relief allowing continuation of

_____

[**] The Hon. René Lastreto II, United States Bankruptcy Judge for the Eastern District of California, sitting by designation.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case and the related adversary proceedings. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

a State Court dissolution of marriage case. The bankruptcy court specifically allowed enforcement of judgment against Henry's community property assets and also granted her relief from the stay to pursue her remedies and any appeals in the State Court matter.

Approximately a year later, Henry filed a notice of appeal. In it she said she wanted to appeal all "decisions made from August 10th thru 19th, dates: July 1, 2016 through and inclusive docket nos. 19 []August 6, 2019 . . . ."She also referenced lifting of the stay and attached a copy of her bankruptcy court docket that ended with entry number 33—an August, 18, 2016 stay relief order.

Lacking both specificity and the copy of the order on appeal required by Rule 8003(a)(3)(B), we sent Henry a notice of deficient appeal and requested a copy of the relevant order.

Approximately two weeks later, Henry filed an ex parte application for an emergency order to compel the sheriff to open the doors of a house. That same day, she also requested an order setting the hearing on shortened notice (the "OST Motion"). The bankruptcy court promptly denied the OST Motion by order dated September 7, 2017 (the "OST Order"). The bankruptcy court reasoned that it entered an order terminating the automatic stay for action to continue in the State Family Law Court on August 18, 2016, and that, as a result, there was no stay violation and no relief it could order.

Just over a week later, Henry filed another ex parte application for an

emergency order compelling the sheriff to open the doors of the same property; she also asked that the matter be heard on shortened notice. The bankruptcy court again denied the request for an order shortening time by order entered on September 15, 2017. The order denied the motion for the same reasons given for the denial of the OST Motion.

Henry then filed an informal opening brief in this appeal. She stated that she was appealing orders entered on September 7, 2017 and September 15, 2017. She also said that "this appeal is based on denial of Plaintiff's Motion to Disqualify Judge Meredith A. Jury . . . ."

We then issued an order directing Henry to identify the order on appeal by date, docket number, and title and to explain why the appeal should not be dismissed as untimely.

In response, Henry indicated that she wanted us to review the September 7, 2017 OST Order. She neither discussed timeliness nor asked us to review the September 15, 2017 order. The next day, she sought permission to file an informal brief. Even later, she filed a document with us and called it a reply (the "Reply").[3]

We issued yet another order, granting Henry's request to file an amended informal brief and directing her to explain how the appeal was

---

[3] It appears that Baker's attorney prepared, signed, and sent Henry a document discussing our order and Henry's response. It was never directly filed with the BAP. But Henry's Reply attaches it as an exhibit and responds to it.

timely as to the OST Order.

Henry filed her amended informal brief; she did not address timeliness.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2). We discuss our jurisdiction below.

## ISSUE

Whether we have jurisdiction to review the OST Order.

## STANDARD OF REVIEW

We review our jurisdiction de novo. *Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 677 (9th Cir. BAP 2014).

## DISCUSSION

Bankruptcy appeals are governed by 28 U.S.C. § 158. As relevant here, it states:

> An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.

28 U.S.C. § 158(c)(2). Rule 8002, in turn, provides: "[A] notice of appeal must be filed with the bankruptcy clerk within 14 days **after** entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1) (emphasis added).

Premature notices of appeal, however, are not always fatal. Rule 8002(a)(3) provides: "A notice of appeal filed after the bankruptcy court

5

announces a decision or order--but before entry of the judgment, order, or decree--is treated as filed on the date of and after the entry." Fed. R. Bankr. P. 8002(a)(3). *See also HBI, Inc. v. Sessions Payroll Mgmt., Inc. (In re Mackey)*, 232 B.R. 784, 787 (9th Cir. BAP 1999) ("Premature notices of appeal are permitted to be filed once a decision is announced but before the order or judgment is entered. They are treated as filed, i.e. constructively filed, after the entry of the order and on the day thereof." (citations omitted)).

Here, Henry asks us to review the OST Order. But she filed her notice of appeal nearly two weeks before she requested the order shortening time. She did not file another notice of appeal in the bankruptcy case.[4] As a result, her notice of appeal was premature. Nor does Rule 8002(a)(3) save this appeal. When Henry filed her notice of appeal, the bankruptcy court could not have announced its decision on the OST Motion; it had not yet been filed. As a result, her notice of appeal cannot be treated as filed on the OST Order entry date.[5]

Given her pro se status, we liberally construe Henry's filings. *See Cruz*

---

[4] Henry has filed two adversary proceedings against various parties. In one, she appealed from the bankruptcy court's order dismissing her complaint against one of the defendants, creating a different BAP appeal.

[5] The present situation thus also falls outside the purpose of the rule. Rule 8002(a)(3) mirrors Federal Rule of Appellate Procedure 4(a)(2). As the Supreme Court explained, the purpose of that rule is "to protect the unskilled litigant who files a notice of appeal from a decision that [s]he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment." *FirsTier Mortg. Co. v. Inv'rs Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991); *Serine v. Peterson*, 989 F.2d 371, 372 (9th Cir. 1993).

*v. Stein Strauss Trust # 1361 (In re Cruz)*, 516 B.R. 594, 604 (9th Cir. BAP 2014). But this mandate only goes so far. The closest she comes to addressing the timeliness issue is in the Reply; there she asserts both that the OST Order was void (and void orders may be attacked at any time) and that Judge Jury should have been disqualified under 28 U.S.C. § 455.

Even assuming that she is correct as to voidness, she has not shown how we can make that determination in the first instance. *Cf.* Fed. R. Civ. P. 60(b)(6) (providing that the trial court may relieve a party from a void judgment); Fed. R. Bankr. P. 9024 (applying Civil Rule 60 in bankruptcy proceedings).

And, as for disqualification, she told us her disqualification motion was set for hearing before Judge Houle. As it turns out, the motion was filed in an adversary proceeding, Judge Houle denied the motion, and Henry has not appealed that order.

In short, Henry's appeal was premature because it was filed before, not after, the filing of and decision on the OST Motion. We accordingly lack jurisdiction to review the OST Order. *Kendall v. Homestead Dev. Co., Inc. (In re Jack Raley Const., Inc.)*, 17 F.3d 291, 294 (9th Cir. 1994) ("The premature notice here was not valid because the matter of pre-judgment interest was not decided until October, long after the notice of appeal had been filed.").[6]

_____

[6] And despite the fact that multiple orders might have been in Henry's thoughts

(continued...)

## CONCLUSION

Based on the foregoing, we DISMISS the appeal for lack of jurisdiction.

---

[6](...continued)
when she filed her appeal, she addresses none of them in her opening brief; if she had arguments relevant to other orders, she waived them. *See Padgett v. Wright*, 587 F.3d 983, 986 n.2 (9th Cir. 2009) (per curiam) (appellate court "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief"). Further, Henry filed her notice of appeal on August 24, 2017 and in her main bankruptcy case. The bankruptcy court entered no orders in August 2017 in her main bankruptcy case. And the notice of appeal could not relate to the adversary proceedings, as Henry filed them on August 25, 2017.